**EASH v. PENCE et al.**

No. 16001—Opinion Filed April 13, 1926.

Rehearing Denied June 8, 1926.

(Syllabus.)

1. **Jury — Right to Jury Trial Except in Equity Case.**

It is only where the issues present a case of purely equitable cognizance, that a jury will be denied by the court.

2. **Bills and Notes—Duress — Waiver of Defense by Partial Payment and Securing Extension.**

A promissory note obtained by duress is voidable only at the instance of the oppressed party, and where such party long afterwards makes a payment of the interest on said note and secures an extension in the payment of the principal thereon, such acts constitute a ratification of the contract, and such party is thereafter estopped from escaping liability on said instrument by pleading that the note was secured by duress.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by John W. Eash against Mary Etta Pence and another. Judgment for defendants, and plaintiff appeals. Reversed as to the defendant L. B. Pence, and affirmed as to Mary Etta Pence, defendant.

Louis J. Bicking and Donald Prentice, for plaintiff in error.

Bailey E. Bell, for defendants in error.

LESTER, J. The parties to this action will be referred to as they appeared in the district court.

The plaintiff brought suit against the defendants to recover the sum of $3,000, with interest thereon, on a certain promissory note executed by the defendant in favor of the plaintiff. This note was secured by a mortgage on certain real estate located in the city of Tulsa, Okla., and the plaintiff in his petition asked for a foreclosure of said mortgage. The defendants filed separate answers, in which they admitted the execution of said note and mortgage mentioned in plaintiff's petition, but as a defense thereto they alleged that the said note and mortgage were without consideration and that the same were signed by them on account of duress used and practiced by the plaintiff on said defendants. The plaintiff filed separate replies to the answer of the defendants, in which he denied that the notes were executed by the defendants without consideration or that duress was used or practiced

by him in securing their signatures to the said instruments. A trial was had to a jury, and the court submitted to the jury a number of interrogatories and also a general verdict. The jury returned its general verdict in favor of the defendants. This verdict was by the court approved and the judgment was rendered thereon, from which judgment the plaintiff appeals to this court.

It appears that L. B. Pence, one of the defendants in this action, at the time he signed said instrument was acting, by appointment from the county court of Tulsa county, as executor of the will of Mary J. Cole, deceased, and as such executor he had on the 3rd day of March, 1922, filed his report, which report purported to show the amount of money that he had received and the amount he had disbursed as such executor. The plaintiff, representing himself and other beneficiaries under the will, together with his attorney, interviewed the defendant, L. B. Pence and made complaint to the said L. B. Pence that his report as such executor was not correct in that the said report did not account for certain moneys which the said executor had received from the said estate, and the plaintiff urged that the defendant as such executor secure the said plaintiff for such deficiency. It further appears that the plaintiff, together with his attorney, continued to urge the defendant L. B. Pence and his wife, Mary Etta Pence, also defendant herein—that the said L. B. Pence should account to said plaintiff for the difference between what the defendant had reported to the court and the amount he had actually collected. These negotiations resulted in the defendants executing to the plaintiff the note and mortgage which formed the basis of this action.

Upon trial the defendants testified that the plaintiff and his attorney threatened to imprison and prosecute the defendant L. B. Pence for embezzlement, and in order to avoid the embarrassment of prosecution, that they finally signed said instruments. It appears from the testimony that both defendants were past 60 years of age, and at the time the defendant L. B. Pence signed said instrument he was in poor health. The report of the defendant L. B. Pence, as executor of the estate, was duly approved by the county court of Tulsa county on the 25th day of September, 1922, and on the same day the said court made its order releasing and discharging the said L. B. Pence as executor of said estate.

The plaintiff complains of numerous errors on the part of the court, and we will discuss the same in their order. The plaintiff's first assignment of error is that the court erred in overruling the motion of plaintiff for a new trial. This assignment, we think, involves all the questions hereinafter discussion. The second assignment of error is predicated on the proposition of the court refusing to render judgment for the plaintiff on special findings of the jury. The jury returned into court the following, as part of its answers to certain interrogatories:

"First. Do you find from a preponderance of the evidence in this case that there was no consideration for the note and mortgage sued on herein? A. No.

"Second. Do you find from a preponderance of the evidence in this case that said note and mortgage were procured under threats amounting to menace as defined in the instructions herein? A. Yes."

The plaintiff insists that the answer of the jury to the question propounded therein touching the question of consideration precluded the court from rendering any other judgment than for the plaintiff. As will be observed, the jury answered the first interrogatory in the negative, which meant that they failed to find from the preponderance of the evidence that the note and mortgage were without consideration. They then found from their answer to the second interrogatory that the note and mortgages were procured under threats amounting to menace as defined by the court.

Considering the case in its entirety, together with the answers made by the jury to the court, we cannot agree that the court committed error in refusing to render judgment for the plaintiff. Even though the jury found against the defendants' contention that there was no consideration, yet they further found by a preponderance of the evidence that the instruments executed to the plaintiffs, which embraced some consideration, were procured by threats amounting to menace. As we view the law, a person may owe another, yet such person cannot be compelled by duress or menace to sign an instrument which would include such debt. It is not the debt a person is attempting to avoid, where he signs an instrument under duress, including such debt, but it is the additional rights accruing under an instrument secured in such a manner. In other words, he does not seeks to avoid the debt itself, but it is the force of the instrument into which the debt is merged which the party seeks to avoid.

The plaintiff in the fourth assignment of

error complains that the court committed error in submitting the case to the jury. In the case of Moore v. Stanton et al., 77 Okla. 41, 186 Pac. 466, the first paragraph of the syllabus reads as follows:

"Where, in an action on a promissory note and to foreclose a mortgage executed to secure payment of same, defendant admits execution of the note and mortgage and by cross-complaint sets up a defense involving the application of equitable doctrines and seeks affirmative relief that only a court of equity can give, such defendant is not entitled to a jury trial."

As we view the law, it is only in questions of purely equitable cognizance that a jury will be denied. The defendants in their answers pleaded that the notes and mortgage were signed by the defendants wholly without consideration; having alleged that there was no consideration, and having offered proof on this issue, they were entitled to have such issue submitted to a jury.

Plaintiff's assignments of error Nos. 5, 6, 7, and 8 relate to the sufficiency of the evidence on the part of the defendants. As to the question of duress, we have read the evidence carefully, and we think that the jury was fully justified in holding that the defendants were laboring under threats and duress at the time they signed said notes and mortgage. We quote the following testimony of Mary Etta Pence:

"By Mr. Bell: Q. Who was in Mr. Prentice's room at that time? A. Why, Mr. Pence and I, Mr. Campbell, and Mr. Eash. Q. Was Mr. Prentice in there? A. Yes, sir. Q. What was said first? What was said during the time you were in there, as you best remember? Just quote the conversation, designating the party who said each and everything. A. Very first expression, he says, 'I am astonished at Leander —I am astonished at Leander,' and says, 'Seems like since he returned to Oklahoma he has turned out to be a grafter just like the rest of the Oklahomans.' Q. What else was said? A. He said, 'You have to see this $3.000 is made good or we will send him to the penitentiary'."

In the case of Piekenbrock v. Smith et al., 43 Okla. 585, 143 Pac. 675, the court said in its syllabus:

"Evidence examined, and held to reasonably tend to prove that the note sued on, together with the mortgage sought to be foreclosed, were executed as a result of menace and threat of unlawful imprisonment, and that the court was right in sending the question of duress to the jury."

We are of the opinion that on the question of duress the verdict of the jury was sustained by the evidence on the part of the defendants.

Plaintiff also complains that the jury was not justified in answering interrogatory No. 3 in the negative. The following is the statement made to the jury and this answer to the interrogatory submitted:

"If you have answered interrogatory No. 2 in the affirmative, then you will also answer the following interrogatory: Did the defendants, or either of them, after the execution of said note and mortgage, ratify the same? A. No."

We find from the record that there was no evidence that would justify the jury in rendering its findings that the defendant L. B. Pence did not fully ratify the execution of the note and mortgage.

The note and mortgage were made payable on the 7th day of March, 1923. On the 8th day of March, the defendant L. B. Pence went to the First National Bank of the city of Tulsa and paid $240 interest on said note in question and at the same time asked for and received an extension of time of payment of the principal of the note for a period of 90 days. However, there is no evidence showing that the other defendant, Mary Etta Pence, ever in any manner ratified the execution of the note and mortgage. Testimony shows that she did not know that her husband had paid any interest on the note, or caused the same to be extended. The record shows that the defendant L. B. Pence fully ratified said instrument long after the same had been executed. Duress in the execution of a contract does not render the same void, but voidable at the option of the oppressed party.

After a careful examination of the record and the authorities submitted by the parties hereto, we are of the opinion that the judgment as to the defendant L. B. Pence should be reversed, with directions to enter judgment for the plaintiff, and that the judgment, so far as it relates to the defendant Mary Etta Pence, should be affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 35 C. J. p. 160 § 30; 16 R. C. L. p. 212. (2) 8 C. J. p. 762 § 1027; 13 C. J. p. 398 § 311; 3 R C. L. p. 1103.