### BRUMMETT et al. v. McGOWAN.

No. 21584.    Sept. 12, 1933.

Malone & McCuen, for plaintiffs in error.

O. H. Searcy, J. B. Underwood, and Art Stanton, for defendant in error.

ANDREWS, J. The defendant in error, as plaintiff, commenced an action before a justice of the peace of Tulsa county against the plaintiffs in error, as defendants, to collect a balance due on a promissory note payable to the plaintiff, that had been executed by the defendants. From a judgment in favor of the plaintiff, the defendants appealed to the court of common pleas of Tulsa county, where by permission of that court the defendants filed an answer in which they alleged, as stated in their brief:

"First: That said note sued upon is void for the reason that the consideration given therefor was the compounding of a felony and is contrary to law and against public policy.

"Second: That said note is voidable and not enforceable against said defendants for the reason that the principal defendant, Cecil Brummett, was under duress at the time of the execution of the note sued upon.

"Third: That said note is not binding on said defendants or are they indebted thereon for the reason that there has been a failure of consideration for which said note was given."

The cause was tried to a jury, resulting in an instructed verdict and judgment for the plaintiff. The defendants appealed to this court.

The execution and delivery of the note being admitted, the burden of proof was on the defendants.

The correct rule is stated in 13 C. J. 453, section 394, as follows:

"To render an agreement illegal as an agreement to compound a crime, it is essential that there shall be an agreement not to prosecute, although the agreement may be either express or implied. The law does not prevent one whose property has been stolen or whose rights have been interfered with through the commission of a crime to compromise with the wrongdoer, if it is not agreed either expressly or impliedly that the prosecution for the offense shall be suppressed or stayed. Illustrations of this rule are agreements by which security is given for the value of property stolen or embezzled. Even a promise not to prosecute is not illegal, where it is made, not for the sake of gain, but from motives of kindness and compassion, or on account of relationship. And mere threats to prosecute, while they may amount to duress or undue influence, so as to render a promise voidable, will not avoid an agreement made by a defaulter for the purpose of making reparation to the person injured by his misdoing, if there is no agreement not to prosecute."

Under that rule we find nothing in the record to sustain the contention of the defendants that the note was procured by duress or by the compounding of a felony.

There was ample consideration therefor, to wit, the damage sustained to the plaintiff's automobile from the collision.

We do not think it necessary herein to review the evidence with reference to duress, failure of consideration, or the compounding of a felony, for the reason that the judgment must be affirmed on other evidence.

In Eash v. Pence, 121 Okla. 7, 246 P. 1091, this court held:

"A promissory note obtained by duress is voidable only at the instance of the oppressed party, and where such party long afterwards makes a payment of the interest on said note and secures an extension in the payment of the principal thereon, such acts constitute a ratification of the contract, and such party is thereafter estopped from escaping liability on said instrument by pleading that the note was secured by duress."

The evidence shows that the defendant Brummett, from time to time, made payments on the note. He does not contend that those payments were made under duress. Under the rule stated he ratified the contract and is now bound thereby.

The fact that the judgment in Eash v. Pence, supra, was affirmed only as to the defendant therein who had made voluntary payments on the note, is immaterial herein, for the other defendants herein joined in a supersedeas bond, which makes them liable for the amount of the judgment, even though the judgment should be affirmed as to only one of the defendants.

After a careful consideration of the testimony and the authorities presented, we find that the judgment of the trial court should be. and it is affirmed.

Judgment is rendered herein on the supersedeas bond filed herein in favor of the plaintiff and against the defendants and against the signers of the surety bond in the sum of $172.85, with interest thereon at the rate of 10 per cent. per annum from the 20th day of April, 1929, together with an attorney's fee of $15 and the costs of this action, including the costs of this appeal.

CULLISON, V. C. J., and McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., and SWINDALL and WELCH, JJ., absent.