## MARYLAND CASUALTY CO. v. DeARMON.

No. 26370. Jan. 26, 1937.

Chas. B. Hickok, for plaintiff in error.

John T. Levergood, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Pottawatomie county. The parties occupy the same positions here as in the trial court and will be referred to as plaintiff and defendant.

Plaintiff in its petition alleged that it was surety on the bond of one Humphries, who was related by consanguinity or affinity to the defendant; that said Humphries defaulted in his accounts with his employer and that plaintiff had paid the resulting shortage in the sum of $802.46, and that in consideration of plaintiff's forbearance to sue the said Humphries the defendant had executed an assignment of his wages whereby he promised to repay the plaintiff in weekly installments the sum which plaintiff had paid for the said Humphries; and alleged, further, that the defendant had made payments under said contract which aggregated the sum of $120 and had thereafter refused to make any further payments. Wherefore plaintiff prayed judgment for the balance of $682.46, with interest thereon. The defendant answered admitting that he had executed the assignment of his wages and that he had paid $120 thereon, but alleged that he had done so under duress and in order to prevent a criminal prosecution of Humphries, who was his brother-in-law, and by way of cross-claim he asked judgment against the plaintiff for the money which he had paid on the contract. Reply of the plaintiff specifically denied duress in the procurement of the said assignment, and further pleaded that the defendant had made payments on said contract and that he had thereby ratified and confirmed said agreement and was as a result thereof estopped to plead duress as ground for an avoidance of said contract. Upon the issues thus framed the cause was tried to a jury. At the conclusion of defendant's evidence and again at the close of the entire case, the plaintiff moved for a directed verdict in his favor. These were overruled and the cause was submitted to the jury. The jury returned a verdict in favor of defendant. Plaintiff appeals from the judgment rendered on the verdict and the order overruling its motion for a new trial.

In its petition in error plaintiff assigns six specifications of error and in its brief states that they are all directed at the same point—whether the defendant ratified and confirmed the transaction entered into between the plaintiff and defendant when the assignment of wages was executed. Plaintiff insists that the trial court should have sustained its motion for directed verdict. Plaintiff does not argue the absence of any evidence to show that the contract was induced by duress, but contends that the only conclusion that can be properly drawn from the evidence and the only rule of law that can be applied is that the defendant ratified and confirmed the transaction by making subsequent payments thereon. In support of this position plaintiff cites and relies entirely upon the cases of Eash v. Pence, 121 Okla. 7, 246 P. 1091, and Brummett v. McGowan, 165 Okla. 59, 24 P. (2d) 980. The above cases are authority for the rule that where a promissory note has been obtained by duress the same is voidable at the instance of the oppressed party and may be ratified by him by payments thereafter voluntarily made in the absence of duress.

The rule announced in the above cases has no application to the facts presented on this appeal. While the parties indulge in much discussion relative to whether the contract was induced by duress, the facts pleaded and the evidence offered were insufficient to establish any legal duress. Section 9412, O. S. 1931, provides an apparent consent to a contract is not real or free when obtained by duress, and by section 9414, O. S. 1931, duress sufficient to void a contract is expressly defined. The facts pleaded wholly failed to show any legal duress, but on the contrary were sufficient, if believed by the jury, to show that the consideration which induced the execution of a contract was the compounding of a felony and that the contract was not voidable but void as being contrary to public policy. First National Bank v. Russell, 128 Okla. 222, 262 P. 205.

The mere fact that the defendant pleaded duress is not sufficient to defeat the judgment if the pleadings and evidence support it on other grounds. St. Louis & S. F. R. Co. v. Mathews, 174 Okla. 167, 49 P. (2d) 752. The evidence of the parties was directed to the consideration which motivated the parties in entering into the contract. If the evidence of the plaintiff was to be believed, then the contract was made by the defendant for a laudable purpose, to wit, to make good the dereliction of his kinsman, and, on the contrary, if the evidence of the defendant is to be believed, the contract was induced to prevent criminal prosecution of his brother-in-law, and thus to compound a felony, and hence would be contrary to

public policy and wholly illegal and void and incapable of ratification.

The duty of the trial court when re-quested to direct a verdict under such circumstances has been pointed out by this court in Mathews v. Mounts, 81 Okla. 245, 197 P. 708, wherein it is said:

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith.

"When any competent evidence has been presented for consideration of the jury reasonably tending to prove the issues, the court should deny a motion for a peremptory instruction, and, under proper instructions from the court, the cause should be submitted to the jury for their determination.

"The trial court should not direct a verdict where it is necessary to weigh the evidence to determine where the preponderance lies."

The contention of the plaintiff that the payments made by the defendant amounted to a ratification of the original transaction would be without merit if the defendant's evidence of illegality in the inception of the contract was sustained. Thus the question of motive and purpose in executing the contract was directly involved. This gave rise to a question of fact to be determined from all the evidence and the inferences which might be logically and reasonably drawn therefrom. Under the circumstances the trial court committed no error in refusing the request for a peremptory instruction and in submitting the question to the determination of the jury. The conflicting contentions of the plaintiff and defendant and the evidence in support thereof were submitted to the jury under proper instructions, and the issue was resolved by them in favor of the defendant. There is ample competent evidence in the record to support the finding and verdict of the jury, and this being true, such verdict and judgment thereon will not be disturbed. Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, GIBSON, and HURST, JJ., concur.