FORD CITY BANK, Plaintiff-Appellee, *v.* SHIRLEE GOLDMAN, Defendant-Appellant.

First District (1st Division)    No. 80-1229

Opinion filed July 20, 1981.

Donald L. Johnson and William Biederman, both of Marks, Katz, Johnson, Randall, Weinberg & Blatt, of Chicago, for appellant.

Thomas R. Nash, of Burke and Smith, Chartered, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Shirlee Goldman appeals from an order striking her affirmative defenses and counterclaim and confirming the judgment by confession. On appeal, she argues that the counterclaim and one of the affirmative defenses were improperly stricken.

We affirm in part, reverse in part, and remand the cause.

In February 1978, Marshall Goldman renewed a loan from Ford City Bank (the Bank). Shirlee Goldman, his wife, co-signed the note. Marshall died later that year. The principal and interest were not paid as of the date of his death, and the Bank filed a claim against his estate. The claim was allowed, but the estate made no disbursements pending the outcome of an action filed by the estate in Federal court.

On January 8, 1980, the Bank filed a confession of judgment complaint against Shirlee Goldman. On January 9, 1980, the trial court entered judgment against Shirlee Goldman for $24,031.29. This amount reflected the sum of the principal and interest past due and attorney's fees. Shirlee Goldman was served with summons to confirm the judgment on March 1, 1980, and filed an appearance and jury demand on March 5, 1980.

On April 2, 1980, the Bank filed a motion to confirm the confessed judgment. On the same day, Shirlee Goldman was granted leave to file responsive pleadings. The court *sua sponte* examined the answer, affirmative defenses, and counterclaim to determine their legal sufficiency. After arguments, it struck the affirmative defenses and counterclaim on the grounds that they stated legal conclusions, not facts, and that they did not present a defense on the merits.

First, defendant argues that her affirmative defense based on the Equal Credit Opportunity Act (15 U.S.C. §1691 *et seq.* (1976) ) was meritorious and factually sufficient. In this defense, defendant alleged that she was required by the Bank to sign the note solely because of her marital relationship with Marshall Goldman. She further alleged that the Bank's requirement was a violation of the Equal Credit Opportunity Act and her obligation on the note was therefore void.

The Equal Credit Opportunity Act (ECOA) provides, in part, as follows:

> "It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction * * * on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)." (15 U.S.C. §1691(a)(1) (1976).)

The Federal regulations promulgated pursuant to the ECOA state an applicant's spouse or other person, other than a joint applicant, cannot be required to sign any credit instrument if the applicant qualifies under the creditor's standards of credit-worthiness for the amount and terms of the

credit requested. (12 C.F.R. 202.7(d)(1) (1980).) In the event the personal liability of an additional party is required to support the extension of credit, the applicant's spouse may, but cannot be required to, serve as the additional party. 12 C.F.R. 202.7(d)(5) (1980).

The Illinois Civil Practice Act provides that no pleading is bad in substance which contains information reasonably informing the opposite party of the nature of the claim or defense he is called upon to meet. (Ill. Rev. Stat. 1979, ch. 110, par. 42(2).) We find the allegations in defendant's affirmative defense reasonably informed plaintiff of the defense it was called upon to meet. Whether defendant has an actual defense to the action and whether she is thereby relieved of any obligation under the note are matters to be determined in the court below.

Second, defendant maintains that the counterclaim stated a cause of action based on the Equal Credit Opportunity Act and that the trial court, based upon an improper interpretation of the Act, improperly struck the counterclaim.

We need not determine whether the trial court's interpretation of the statute was correct because the counterclaim based on the ECOA is barred by the statute of limitations. An action based on a violation of the statute must be brought within two years from the date of the occurrence of the violation. (15 U.S.C. 1691(e)(f) (1976).) The counterclaim acknowledges that the note was signed in February, 1978. Defendant's pleadings were filed on April 2, 1980, which was more than two years after the alleged violation. The limitations period had therefore expired.

We further note that the trial court did not strike the portion of defendant's answer which denied the pertinent allegations in the complaint. Defendant denied that the note was given for value and that the amount allegedly sought for principal, interest, and attorney's fees was due and owing from her. Had we affirmed the court's dismissal of the affirmative defense, the cause would nonetheless have been remanded for a hearing on the complaint and, in light of defendant's denials, proof of the allegations contained therein.

For the foregoing reasons, we reverse that portion of the trial court's order dismissing the affirmative defense based on the ECOA and affirm that portion of the order striking the counterclaim. The cause is remanded for further proceedings consistent with this opinion.

Order affirmed in part, reversed in part; cause remanded.

CAMPBELL, P. J., and O'CONNOR, J., concur.