**J.L. DIAMOND and Gretna Diamond, Plaintiffs,**

v.

**UNION BANK AND TRUST OF BARTLESVILLE, and Federal Deposit Insurance Corporation, in its corporate capacity and as Liquidator of the assets of Union Bank and Trust of Bartlesville, Defendants,**

v.

**Tom BERRY, Third–Party Defendant.**

**No. 90–C–921–C.**

United States District Court,
N.D. Oklahoma.

Aug. 30, 1991.

Stephen B. Riley, Chapel, Riggs, Abney, Neal & Turpen and Stephanie Theban and Chapel Riggs, Tulsa, Okl., for plaintiffs.

T.P. Howell, Ricki Sonders, Cherrilynn McLane, Edwards Sonders & Propester, Oklahoma City, Okl., for defendants.

David B. King, Brewer, Worten, Robinett, Johnson, Worten & King, Bartlesville, Okl., for third-party defendants.

### ORDER

H. DALE COOK, Chief Judge.

Before the Court is the motion of defendant Federal Deposit Insurance Corporation (FDIC) for summary judgment against plaintiffs and against third-party defendant.

This action began in state court, with plaintiffs seeking to have various financial instruments which plaintiffs executed declared void.

Plaintiffs asserted that Union Bank and Trust of Bartlesville (Union Bank) violated 12 U.S.C. § 1972, which prohibits a bank from conditioning extension of credit or continuation of extension of credit upon a customer's assuming debts held by the bank. Plaintiffs also alleged economic duress on Union Bank's part.

The essence of these defenses is an alleged agreement whereby Union Bank would not renew J.L. Diamond's line of credit unless he assumed liability for a note under which R.A. Alexander was liable to Union Bank. On October 30, 1990, the FDIC removed the action pursuant to 12 U.S.C. § 1819(b). FDIC–Corporate asserted counterclaims seeking judgment on the financial instruments at issue. FDIC–Corporate also asserted a third-party complaint against Tom Berry, a lessee of certain property of plaintiffs. On July 5, 1991, plaintiffs filed a First Amended Complaint and a First Amended Answer to Counterclaim, asserting additionally a violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, *et seq.*

■ Defendant FDIC has not expressly reasserted its motion for summary judgment after the filing of the Amended Complaint. However, the Court finds no prejudice to plaintiffs in considering the motion. *See Graham v. Oklahoma City*, 859 F.2d 142, 144–45 (10th Cir.1988).

■ In their response to the pending motion, plaintiffs only address the issue of the ECOA. Apparently, the other two issues previously raised are now abandoned. Nevertheless, the Court has independently reviewed the record to determine if a genuine issue of material fact exists under Rule 56(c) F.R.Cv.P. Assuming *arguendo* the truth of the plaintiffs' allegations of an anti-tying claim, it is undisputed that the claim involves an unwritten agreement. Accordingly, under 12 U.S.C. § 1823(e) it is unenforceable against the FDIC. *See FDIC v. Eagle Properties, Ltd.*, 664 F.Supp. 1027, 1054 n. 5 (W.D.Tex.1985). As for economic duress, even if true, such a claim renders an instrument voidable, not void. *See Eash v. Pence*, 121 Okl. 7, 246 P. 1091, 1093 (1926). Voidable title is sufficient to trigger the FDIC's rights under § 1823(e). *See Langley v. FDIC*, 484 U.S. 86, 93–94, 108 S.Ct. 396, 402, 98 L.Ed.2d 340 (1987).

■ Remaining to be considered is plaintiffs' ECOA claim. The essence of this defense is that Union Bank allegedly required J.L. Diamond to obtain Gretna Diamond's signature on a note, an agreement and on mortgages which secured the debts, even though she was not a joint applicant with J.L. Diamond, and she had

no intention of borrowing funds from Union Bank. It has been stated that the purpose of the ECOA is to eradicate credit discrimination against women, especially married women (*e.g.*, requiring husbands' signatures for credit). *See Anderson v. United Finance Co.*, 666 F.2d 1274, 1277 (9th Cir.1982). First, the Court notes that the two-year statute of limitation of 15 U.S.C. § 1691e(f) has expired. The most recent execution of documents involving Mrs. Diamond occurred on October 17, 1986. This action began on October 15, 1990. Further, there is no authority, in statutory language or case law, for the proposition that a violation of the ECOA renders an instrument void. Under *Langley, supra*, the FDIC is entitled to judgment. *Cf. Circle v. Jim Walter Homes, Inc.*, 535 F.2d 583, 586–87 (10th Cir.1976).

Third-party defendant Berry has not responded to the pending motion. The Court has independently reviewed the record, and concludes that judgment is appropriate against him as well.

It is the Order of the Court that the motion of the defendant Federal Deposit Insurance Corporation for summary judgment is hereby granted. Defendant is granted ten days in which to submit a form of Judgment.

IT IS SO ORDERED.