995 F.2d 1062
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CRESTAR BANK, Plaintiff-Appellee,
v.
Jeffrey M. DRIGGS; Kimberlee H. Driggs, Defendants-Appellants.
 No. 93-1036.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 3, 1993
Decided: June 11, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-91-3013-B)
 Argued: Paul A. Kaplan, David & Hagner, P.C., Washington, D.C., for Appellants.
 Thomas Page Lloyd, Piper & Marbury, Baltimore, Maryland, for Appellee.
 On Brief: David R. Kuney, David B. Bullington, David & Hagner, P.C., Washington, D.C., for Appellants.
 Richard M. Kremen, Piper & Marbury, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and HILL, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellants Jeffrey and Kimberlee Driggs ("the Driggs") contend that the district court erred in granting summary judgment in favor of Plaintiff-Appellee Crestar Bank. The bank sued the Driggs for a deficiency judgment on a defaulted real estate acquisition loan, and the Driggs asserted in defense a claim under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 (West 1982, 1993 Supp).* Specifically, the Driggs claimed that Crestar Bank discriminated against Jeffrey Driggs on the basis of his marital status by requiring that his wife, Kimberlee, assume liability on the loan instrument. The Driggs also claim that the court erred in declining to offset the deficiency award by the fair market value of the property purchased with the loan, rather than by the foreclosure sale price of that property.
 
 
 2
 To prevail on a discrimination claim under the ECOA, a plaintiff must show that a creditor discriminated on the basis of marital status. 15 USC § 1691(a)(1). We are instructed to analyze ECOA claims like other discrimination claims, see Craigin v. First Federal S & L Ass'n, 498 F. Supp. 379, 384 (D. Nev. 1980), citing 1976 US Code Cong. & Admin. News pp. 403-406 (suggesting that cases such as Griggs v. Duke Power Company, 401 U.S. 424 (1971), and Albemarle Paper Company v. Moody, 422 U.S. 405 (1975), should serve as guides for application of the ECOA). Thus, if the plaintiff presents a prima facie case of discrimination, the burden switches to the defendant to demonstrate non-discriminatory reasons for the challenged action and the plaintiff then has an opportunity to demonstrate that the defendant's reasons were pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-05 (1973). The district court in the instant case found that the Driggs had "not brought forth one piece of evidence" of discrimination and found that, even had Jeffrey Driggs stated a prima facie case under ECOA, Crestar Bank offered credible, nondiscriminatory reasons for requiring Kimberlee to sign onto the loan note. CA-91-3013, Hearing on Summary Judgment Motion, May 8, 1992. Having reviewed the record, we too find no compelling evidence that Crestar Bank discriminated against Jeffrey Driggs on the basis of his marital status. The evidence supports the defendant's contention that Kimberlee Driggs was asked to assume liability on the note because the loan officers believed she was a principal in the transaction. Given this legitimate motive for Crestar Bank's actions and the absence of any evidence of discriminatory animus, we affirm the grant of summary judgment in favor of Plaintiff-Appellee.
 
 
 3
 With regard to the Driggs' request for an offset to their liability on the note equal to an alleged inadequacy of the price at which their property was sold to Crestar in foreclosure, the record reveals that both the sale and the sale price were commercially reasonable. We therefore find that the district court properly granted summary judgment on this issue.
 
 
 4
 The judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 This circuit has not decided whether or not the ECOA may be asserted as a defense to liability on a note. There appears to be a split of opinion among the courts that have considered the issue. Compare Diamond v. Union Bank and Trust of Bartlesville, 776 F. Supp. 542, 544 (N.D. Ok. 1991), with In re Remington, 19 Bankr. 718 (Bankr. D. Colo. 1982), and Ford City Bank v. Goldman, 98 Ill. App. 3d 522, 424 N.E. 2d 761 (1981). A district court in this circuit has concluded that ECOA cannot serve as a defense to liability but may be asserted as a counterclaim in a suit for the deficiency on a note. CMF Virginia Land, L.P. v. Brinson, 806 F. Supp. 90 (E.D. Va. 1992). In view of our disposition of this case, we need not reach this issue