**FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Receiver of Midland
Bank of Kansas, Plaintiff,**

v.

**32 EDWARDSVILLE, INC.,
et al., Defendants.**

**FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Receiver of Midland
Bank of Kansas, Plaintiff,**

v.

**KAW VIEW BARBECUE,
et al., Defendants.**

**FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Receiver of Midland
Bank of Kansas, Plaintiff,**

v.

**K–32 CONVENIENCE STORE, INC. and
Conrad Miller, Jr., Defendants.**

**Civ. A. Nos. 93–2275–GTV
to 93–2277–GTV.**

United States District Court,
D. Kansas.

Jan. 10, 1995.

Nancy S. Anstaett, McAnany, Van Cleave & Phillips, P.A., Lenexa, KS, Rosemary Podrebarac, Joseph W. Hemberger, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for F.D.I.C.

W. Conrad Miller, Jr., Bonner Springs, KS, for 32 Edwardsville Inc., Tower, Inc.

W. Conrad Miller, Jr., Bonner Springs, KS, Marsha R. Lewellen, Donald E. Bucher, Moore, Bucher & Morrison, P.C., Kansas City, MO, for Conrad Miller, Jr., Barbara J. Miller, K–32 Convenience Store, Inc., Kaw View Barbecue.

Ronald P. Wood, Gates & Clyde, Chartered, Overland Park, KS, for Kansas Masonry Inc.

Andrew T. McCullagh, Walker and Williams, St. Louis, MO, for Kansas City Winnelson Co., Inc.

James R. Orr, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Karen A. Dutcher, University of Kansas, Office of the Gen. Counsel, Lawrence, KS, for Raynor Garage Door Co. of K.C.

Michael R. Lawless, Overland Park, KS, for Steve Terrill.

Steve Terrill, pro se.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

These consolidated cases were originally brought in the Wyandotte County, Kansas District Court by Midland Bank of Kansas (Midland) and were removed to this court after the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver for Midland. FDIC seeks a money judgment to recover for alleged nonpayment of certain promissory notes, enforcement of personal guaranties, foreclosure of mortgages on real property, and foreclosure of security interests in personal property. The case is before the court on FDIC's motion for summary judgment (Doc. 71) against the remaining defendants, 32 Edwardsville, Inc., Kaw View Barbecue, K–32 Convenience Store, Inc., Conrad Miller, Jr., Barbara Miller, Tower, Inc., Kansas Masonry, Inc., Raynor Garage Door Co. of Kansas City, and Kansas Department of Human Resources. For the reasons set forth below, the motion is granted.

### I. Facts

The following facts are either uncontroverted or, if controverted, construed in the light most favorable to the nonmovant defendants. Immaterial facts and factual averments not properly supported by the record are omitted.

Midland was a state chartered banking institution organized and existing under the laws of Kansas. On April 2, 1993, the Office of the State Banking Commissioner found Midland to be insolvent. That same day the FDIC was appointed Midland's receiver.

### A. Facts Relating to Case No. 93–2275–GTV

Conrad Miller, Jr. was the sole shareholder of 32 Edwardsville, Inc., a Kansas corpo-

ration. On February 25, 1991, 32 Edwardsville, Inc. executed a promissory note in the principal amount of $1,450,000.00, made payable to Midland. The note provided for an annual interest rate of 9.5% from the date of execution until March 10, 1993, and an annual interest rate of 10% from March 10, 1993, on the unpaid balance until paid in full. FDIC is now the owner and holder of the promissory note.

32 Edwardsville, Inc. has failed to make the required payments of principal and interest on the note, and Midland and the FDIC have demanded payment. The following amounts are due and owing to the FDIC on the note: $1,360,761.34 principal balance; $267,908.82 accrued interest through August 5, 1994; and $372.81 daily interest after August 5, 1994, until the principal is paid in full. Defendants have attempted to controvert the amount owed on this note and the other notes involved in these cases by alleging that plaintiff wrongfully applied the proceeds of a certificate of deposit owned by defendant Conrad Miller, Jr. Defendants' denial of the balances due is completely unsupported, and the facts set forth by the FDIC are therefore deemed uncontroverted.

The promissory note was secured by an existing first mortgage dated June 5, 1989, executed by defendants Prairie Plaza Partnership I, a Kansas partnership, Bernard Egidy, Kathleen T. Egidy, David Booth, and Elaine Booth.[1] The mortgage was recorded on June 13, 1989, on the following described real property located in Wyandotte County, Kansas:

> Lots 1, 2, and 4, PRAIRIE PLAZA ESTATES, a subdivision in the City of Bonner Springs, Wyandotte County, Kansas, according to the recorded plat thereof.

Also on February 25, 1991, 32 Edwardsville, Inc. executed several other documents which created security interests in favor of Midland in connection with the promissory note. The first was a real estate mortgage, which was recorded on February 27, 1991, covering the property described above which 32 Edwardsville, Inc. owned in fee simple. 32 Edwardsville, Inc. also executed a security agreement granting to Midland a security interest in all personal property used on or about the above-described real estate and all proceeds from such personal property. In an Assignment of Leases, Rents and Other Income, 32 Edwardsville, Inc. granted to Midland a security interest in all leases, rents, and other income generated by the above-described real property. FDIC is now the owner and holder of the mortgages, the security agreement, and the assignment.

On February 25, 1991, Conrad Miller, Jr. and Barbara J. Miller individually executed guaranty agreements by which they guaranteed to Midland the payment of any indebtedness of 32 Edwardsville, Inc. FDIC is now the owner and holder of these guaranties.

On November 1, 1991, 32 Edwardsville, Inc. executed a promissory note in the amount of $125,000.00, payable to Midland. This note provided for an annual interest rate of 9.5% on the unpaid balance. The principal and interest were payable on demand or, if no demand was made, on November 27, 1992. FDIC is now the owner and holder of this note. 32 Edwardsville, Inc. has failed to make the required payments, and Midland and the FDIC have demanded payment. The following amounts are due and owing to the FDIC on the note: $125,-000.00 principal; $1,583.33 interest accrued through December 14, 1992; and $32.98 daily interest from after December 14, 1992 until paid in full.

The November 1, 1991, note was secured by a security agreement which granted to Midland a security interest in certain equipment, and by an assignment of lease agreement. These agreements were also entered into on November 1, 1991.

Midland's records contain no documents or written agreements which reflect or refer to any agreement not to pursue the Millers

---

1. These defendants, who may have claimed some interest in the real property, were properly served with process and failed to answer or otherwise appear. Default judgment was entered in FDIC's favor against them on October 6, 1994.

Any claim which these defendants may have had in the real estate was held to be junior and inferior to the FDIC's interest and thereby foreclosed.

under the terms of their personal guaranties, or not to foreclose the mortgages on the real estate described earlier. Nor do the records contain any documents or written agreements which change the terms of the notes, mortgages, security agreements, or guaranties involved in this action, or reference any representations made to Conrad Miller, Jr. or 32 Edwardsville, Inc. concerning the value of the property or any existing or future leasing of the property.

### B. Facts Relating to Case No. 93–2276

Kaw View Barbecue is a Kansas general partnership, and its general partners are defendants Conrad Miller, Jr. and Steve Terrill. Mr. Terrill was originally named as a defendant in Case No. 93–2276, but was terminated as a party by judgment entered on October 11, 1994. On November 20, 1991, Kaw View Barbecue, by Steve Terrill and Conrad Miller, Jr. as partners and individually, executed a promissory note in the amount of $54,000.00, payable to Midland. This note was related to Midland's issuance of a letter of credit in the amount of $54,000.00 in which Kaw View Barbecue was the account party and Boatmen's First National Bank (Boatmen's) was the beneficiary. Midland honored the letter of credit by paying Boatmen's the sum of $47,405.98. FDIC is now the owner and holder of the promissory note.

Kaw View Barbecue and its partners have failed to make the required payments of principal and interest on the note and Midland demanded the amount due. The FDIC is currently owed the following amounts on this note: $42,109.50 principal; $6,622.07 interest accrued through August 5, 1994; and $11.54 daily interest from after August 5, 1994 until paid in full.

To secure the payment of this promissory note, Kaw View Barbecue, by Steve Terrill and Conrad Miller, Jr. as partners, executed a security agreement on November 20, 1991. The security agreement grants to Midland a security interest in all of Kaw View Barbecue's furniture, fixtures, equipment, inventory, accounts, contract rights, general intangibles, and a lease agreement. FDIC is now the owner and holder of this security agreement.

### C. Facts Relating to Case No. 93–2277–GTV

On June 20, 1991, K–32 Convenience Store, Inc. executed a promissory note in the amount of $80,000.00 payable to Midland. The note carried an annual interest rate of 10% from the date of execution until paid in full. FDIC is now the owner and holder of the promissory note. K–32 Convenience Store, Inc. has failed to make the required payments of principal and interest and Midland and the FDIC have demanded payment. Midland also issued a letter of credit in the amount of $3,100.00 for the benefit of K–32 Convenience Store, Inc. The following amounts are now due and owing to the FDIC: $71,975.94 principal on the note; $3,100.00 paid under the terms of the letter of credit; $1,477.60 interest on the note accrued through December 14, 1992; and $19.99 daily interest on the unpaid balance of the note from after December 14, 1992, until paid in full.

To secure payment of this promissory note, K–32 Convenience Store, Inc. executed a security agreement on June 20, 1991, in which it granted to Midland a security interest in all of its furniture, fixtures, equipment, inventory, accounts, contract rights, general intangibles, and all proceeds generated from such personal property. K–32 Convenience Store, Inc. executed a second security agreement by which it granted to Midland a security interest in a lease agreement between 32 Edwardsville, Inc. and K–32 Convenience Store, Inc. FDIC is now the owner and holder of these security agreements.

On June 20, 1991, Conrad Miller, Jr., the president and sole shareholder of K–32 Convenience Store, Inc., executed a guaranty agreement by which he guaranteed to Midland the payment of any indebtedness of K–32 Convenience Store, Inc. FDIC is now the owner and holder of this guaranty agreement.

### II. Summary Judgment Standards

Under Fed.R.Civ.P. 56(c), summary judgment is proper only if the evidence, reviewed in the light most favorable to the defendants, the parties opposing the motion,

demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See Deepwater Inv., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). A "material" fact is one "that might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), and a "genuine" issue is one for which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

The substantive law regarding a claim will identify which facts are material in a motion for summary judgment, and only factual disputes that might affect the outcome of the case under governing law will preclude entry of summary judgment. *Id.* at 248, 106 S.Ct. at 2510. In applying this standard, the court views the evidence, and all reasonable inferences derived from the evidence, in the light most favorable to the party opposing the motion. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

### III. Analysis

Defendants Conrad Miller, Jr., Barbara Miller, 32 Edwardsville, Inc., Kaw View Barbecue, and K–32 Convenience Store, Inc. have responded in opposition to FDIC's motion for summary judgment. The other remaining defendants have not responded. The responding defendants deny the sums alleged due under the notes held by FDIC because of alleged misapplication by the FDIC of $105,000 derived from the proceeds of a certificate of deposit given to secure loans made to K–32 Convenience Stores, Inc. Conrad Miller, Jr. has asserted a counterclaim related to this alleged misapplication of funds. Finally, Barbara Miller has asserted that her guaranty is unenforceable by reason of an alleged violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–1691f.

Defendants have abandoned various counterclaims and defenses premised on an alleged oral agreement between defendants and representatives of Midland. Defendants acknowledge that such claims may not be asserted against the FDIC by reason of the doctrine first enunciated in *D'Oench Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) and the statutory protections contained in 12 U.S.C. § 1823(e).

The defendants' arguments in opposition to summary judgment will be discussed individually, and then the court will address the remaining defendants who have not responded to FDIC's motion.

### A. Equal Credit Opportunity Act Violation

FDIC's claim against Barbara Miller, a defendant only in Case No. 93–2275–GTV, arises from her personal guaranty of the 32 Edwardsville, Inc. loans. Mrs. Miller argues that Midland, by requiring her personal guaranty, violated provisions of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691–1691f.

The ECOA provides in pertinent part that, "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction ... on the basis of ... sex or marital status." 15 U.S.C. § 1691(a)(1). The Federal Reserve Board, pursuant to the ECOA, 15 U.S.C. § 1691b(a), has promulgated Regulation B, which provides: "[A] creditor shall not require the signature of an applicant's spouse or other person, other than a joint

applicant, on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested." 12 C.F.R. § 202.7(d)(1). The ECOA's civil liability provision gives aggrieved applicants a right to bring a civil action to recover actual and punitive damages, as well as costs and attorney fees. *See* 15 U.S.C. § 1691e(a), (b), and (d).

■ Even if Mrs. Miller has standing to bring an ECOA claim,[2] ECOA's two year statute of limitations would bar that claim. *See* 15 U.S.C. § 1691e(f). Mrs. Miller signed the guaranty on February 25, 1991, and first raised the alleged ECOA violation in an amended answer on November 5, 1993. She argues, however, that the limitations period does not apply because the ECOA violation is not brought as a claim but rather as an affirmative defense. Defendants state that the "alleged violation is asserted only to negate or deny liability of Barbara Miller" on the guaranty. Response to FDIC's Motion for Summary Judgment (Doc. 77) at 9.

■ The court concludes that plaintiff cannot assert a violation of the ECOA as an affirmative defense. Although defendant describes her affirmative defense as recoupment, in reality she is attempting to use the alleged ECOA violation as a basis for negating or denying her potential liability on the guaranty. The ECOA does not provide for the invalidation of a guaranty as a remedy for an ECOA violation, and defensive use of the ECOA in this case is therefore impermissible. Although the ECOA allows courts to grant equitable and declaratory relief,[3] courts interpreting that provision have concluded that the language does not grant courts the power to invalidate underlying obligations. *See Silverman v. Eastrich Mul-*

tiple Investor Fund, L.P., 857 F.Supp. 447, 453 (E.D.Pa.1994) ("ECOA's statutory scheme does not contemplate the invalidation of a guaranty as a remedy for an ECOA violation ..."); *Riggs Nat'l Bank of Washington, D.C. v. Webster*, 832 F.Supp. 147, 151 & n. 5 (D.Md.1993) (finding that statute of limitations applies and rejecting argument that claim is in the nature of a recoupment defense); *Riggs Nat'l Bank of Washington, D.C. v. Linch*, 829 F.Supp. 163, 169 (E.D.Va. 1993) (holding that ECOA violation cannot be asserted as affirmative defense), *aff'd*, 36 F.3d 370 (4th Cir.1994); *CMF Virginia Land, L.P. v. Brinson*, 806 F.Supp. 90, 95 (E.D.Va.1992) (The ECOA does not "afford relief by way of an affirmative defense. A counterclaim certainly can be premised upon a violation of the ECOA, but such a violation cannot be alleged to avoid basic liability on the underlying debt."); *Diamond v. Union Bank & Trust*, 776 F.Supp. 542, 544 (N.D.Okla.1991) ("[T]here is no authority, in statutory language or case law, for the proposition that a violation of the ECOA renders an instrument void."); *United States v. Joseph Hirsch Sportswear Co., Inc.*, No. 85–CV–1546, 1989 WL 20604 (E.D.N.Y. Feb. 28, 1989), ("The ECOA on its face provides only for a civil action in federal court for actual damages as a remedy.... It thus appears that the defendants may be entitled to employ the ECOA only to assert a counterclaim, not a defense.") *aff'd*, 923 F.2d 842 (2d Cir. 1990). *But see Integra Bank/Pittsburgh v. Freeman*, 839 F.Supp. 326, 329 (E.D.Pa.1993) (While an ECOA violation should not void the underlying transaction, an offending creditor cannot look to a guarantor whose guaranty was improperly obtained.)

■ Even if a violation of the ECOA could serve as the basis for negating an underlying

---

**2.** Only an "applicant" can bring a civil action for a violation of the ECOA. *See* 15 U.S.C. § 1691e. The statute defines "applicant" as including a person who applies to a creditor for an extension, renewal, or continuation of credit. At least one court has found that a guarantor qualified as an "applicant," based on regulations promulgated by the Federal Reserve Board, and therefore had standing to bring an action for damages arising out of an ECOA violation. *See Silverman v. Eastrich Multiple Investor Fund, L.P.*, 857 F.Supp. 447, 451–52 (E.D.Pa.1994) (relying on

12 C.F.R. § 202.2(e) which includes guarantors in its definition of "applicant").

**3.** 15 U.S.C. § 1691e(c) reads: "Upon application by an aggrieved applicant, the appropriate United States district court or any other court of competent jurisdiction may grant such equitable and declaratory relief as is necessary to enforce the requirements imposed under this subchapter."

obligation, Mrs. Miller has not submitted sufficient proof to establish that Midland violated the ECOA. The only "evidence" offered to support this claim is the affidavit of defendant Conrad Miller, Jr. Mr. Miller's averments regarding the alleged ECOA violation consist of the following:

1. Title to all real estate given to secure the relevant obligations was in the name of the respective corporations owning the property, and Mrs. Miller's signature was not necessary to effect a valid mortgage in any of the property.

2. Mrs. Miller has never been an officer or shareholder in any of the corporations and never participated in their operations.

3. Mrs. Miller owned no substantial property separate from Mr. Miller and she did not have a significant stream of independent income that would in any way add to the creditworthiness of the loan applicants.

4. On the day that the loan documents were to be signed to close the 32 Edwardsville, Inc. loan transaction, representatives of Midland informed Mr. Miller for the first time that his wife would be required to guarantee the loan.

5. Mrs. Miller was not an applicant or co-applicant for the mortgage loan sought for 32 Edwardsville, Inc. *See* Aff. of Conrad Miller, ¶¶ 10–14. Defendants have offered no additional evidence, other than the allegations contained in the affidavit, to support their claims.

Mrs. Miller has failed to show that the bank unreasonably required her guaranty for a loan that was being made to a corporation whose sole shareholder was her husband who had personally guaranteed the loan. There is no evidence whatsoever to establish that the corporation would have qualified for the loan without consideration of property jointly held by Mr. and Mrs. Miller. Conclusory allegations contained in a party's affidavit are not sufficient to create genuine issues of material fact. Once the moving party has properly supported its motion for summary judgment, "a party opposing . . .

may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Defendants have failed to carry this burden.

For these reasons, the court concludes that Mrs. Miller's affirmative defense based on the ECOA is insufficient to defeat summary judgment against her. Because the ECOA defense fails on its merits, the court will not address the FDIC's argument that Mrs. Miller failed to exhaust her administrative remedies regarding this claim.

**B. Misapplication of Funds**

Defendant Conrad Miller, Jr. alleges that he obtained a certificate of deposit in order to secure a loan from Midland for the construction of a car wash. The car wash loan is unrelated to the indebtedness at issue in this case. Mr. Miller further alleges that Midland cashed the certificate of deposit and used the proceeds, totalling $105,000.00, to pay down interest due on loans owed by 32 Edwardsville, Inc. and Kaw View Barbecue and to reimburse contractors, subcontractors, and suppliers. Mr. Miller contends that applying the proceeds of the certificate of deposit in this manner was "contrary to the terms of the Security Agreement governing the proper disbursement of that collateral by payment to Midland Bank of Kansas of substantial sums (in excess of $33,000) on interest due on notes of other borrowers not secured by the pledge of the Certificate of Deposit and in payment of other expenses not authorized by the loan documents." Conrad Miller, Jr. Aff. ¶ 6. This alleged misapplication of funds is the basis for Mr. Miller's counterclaims [4] and is also the basis for the responding defendants' challenge to the amounts due claimed by the FDIC.

Originally, Mr. Miller contended that he consented to cashing the certificate of deposit and allowing Midland to use the proceeds as alleged in exchange for a promise by Midland

---

4. Counterclaims against the FDIC were filed by Conrad Miller, Jr. and Kaw View Barbecue in Case No. 93–2276, and by Conrad Miller, Jr. and K–32 Convenience Store, Inc. in Case No. 93–2277.

that it would not enforce the guaranties signed by Mr. Miller and his wife. As a result, Mr. Miller claimed that he and his wife had no liability on the guaranties. He has now abandoned that position in light of the FDIC's argument that the *D'Oench* Doctrine defeats such claims which are predicated on alleged secret or unwritten agreements. Mr. Miller still maintains, however, a counterclaim for misapplication of collateral proceeds which he contends could reduce the amounts due on the notes in default and also entitle him to a damage award.

In opposing the counterclaim, the FDIC has offered the deposition testimony of Mr. Miller and the assignment he executed on May 28, 1992, which authorized Midland to cash the certificate of deposit and distribute the proceeds. Pursuant to the terms of the assignment, the certificate of deposit was security and collateral "for any other indebtedness or liabilities, present or future, absolute or contingent, direct or indirect, of the undersigned, ..." The assignment further states, "This document, together with the other written agreements of the parties, is the final expression of the agreement between the parties, and may not be contradicted by evidence of any oral agreements. There are no unwritten oral agreements between the parties."

Defendants have offered no evidence whatsoever to show how the proceeds of the certificate of deposit were applied, much less that the proceeds were misapplied. The FDIC has offered undisputed evidence that defendant Conrad Miller, Jr. executed an assignment which specifically permitted Midland to use the proceeds in the manner alleged by defendants.

The court concludes that defendants' allegations regarding the misapplication of funds are insufficient to defeat summary judgment on FDIC's claims, and that the counterclaims based on these same allegations must also fail.

### C. Other Defendants

■ The remaining defendants, all in Case No. 93–2275, consist of Tower, Inc., Kansas Masonry, Inc., Raynor Garage Door Co. of Kansas City, and Kansas Department of Human Resources. According to the pretrial order entered on November 9, 1994, these defendants have abandoned any interest they may have had in defending this case. None of these defendants responded to the FDIC's motion for summary judgment, and the court concludes that summary judgment is also appropriate against them.

Finally, defendants Kaw View Barbecue and Conrad Miller, Jr. brought a third party claim against Boatmen's First National Bank, N.A. According to the pretrial order, the parties agree that this third party complaint should be dismissed for lack of service.

IT IS, THEREFORE, BY THE COURT ORDERED that FDIC's motion for summary judgment (Doc. 71) against the remaining defendants in Case Nos. 93–2275, 93–2276, and 93–2277 is granted.

IT IS FURTHER ORDERED that the third party complaint brought against Boatmen's First National Bank, N.A., in Case No. 93–2276 is dismissed for lack of service.

IT IS FURTHER ORDERED that plaintiff shall submit a proposed order of judgment to the court on or before January 20, 1995. Defendants shall be given until February 3, 1995, to file any objections to the proposed form of judgment, following which time the court shall enter judgment.

**IT IS SO ORDERED.**