**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 14, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GLORIA GARRETT; JANE
VANDEWALLE,

      Plaintiffs Counter Defendants -
Appellants,

v.

BRANSON COMMERCE PARK
COMMUNITY IMPROVEMENT
DISTRICT,

      Defendant - Appellee,

and

SOUTHWEST TRUST COMPANY,
N.A.,

      Defendant Counterclaimant -
Appellee.

No. 14-3240
(D.C. No. 2:13-CV-02551-JAR-JPO)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **EBEL**, and **BACHARACH**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

The plaintiffs seek relief under the Equal Credit Opportunity Act (ECOA). That statute prohibits a "creditor" from "discriminat[ing] against any applicant, with respect to any aspect of a credit transaction" on the basis of "marital status," among other things. 15 U.S.C. § 1691(a)(1). As parties to agreements with a bank and community improvement district, the plaintiffs guaranteed that under certain specified circumstances they would personally replenish a fund associated with bonds their husbands secured in a real estate venture. Seeking both to avoid that guarantee obligation and win damages, the plaintiffs filed this lawsuit contending that the contracts they signed unlawfully discriminated against them on the basis of their marital status as wives.

Soon enough, though, the district court dismissed the complaint. It held that the defendants didn't qualify as "creditors" within the meaning of the statute, that no qualifying "credit" was involved in the parties' agreements, and that in all events the plaintiffs' claims were barred by the statute of limitations. Now on appeal the defendants ask us to affirm each of these holdings or to affirm the district court's judgment on yet another and alternative ground, claiming that because the plaintiffs merely guaranteed their husbands' financial arrangements they do not qualify as "applicants" for credit within ECOA's purview.

Among these many possible grounds for affirmance we believe the narrowest is the statute of limitations. And whatever the strength of the various

other arguments for affirmance the district court and defendants have advanced, we are persuaded this one is sufficient to carry the day.

To be sure, the parties disagree avidly over just how long the plaintiffs had to sue under ECOA. The defendants note that when the plaintiffs signed their guarantees ECOA provided a two-year limitations period. 15 U.S.C. § 1691e(f) (2007). In reply, the plaintiffs observe that during the life of their deal with the bank and district, Congress amended the law to permit a five-year limitations period. Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 1085(7), 124 Stat. 1376, 2085 (2010).

But the parties' dispute over the length of the limitations period ultimately proves immaterial, for even assuming the longer period applies the plaintiffs still face a problem. ECOA's limitations period generally begins running on the "occurrence of [a] violation" of the statute, 15 U.S.C. § 1691e(f); the district court held and the plaintiffs do not dispute that an ECOA violation "occurs" when an unlawful agreement is signed; the plaintiffs signed their allegedly unlawful guarantee agreement in 2007; and the plaintiffs failed to bring this suit until 2013. By this calculation, then, it appears the plaintiffs' claim comes too late even under the more generous possible limitations period they advocate.

And with that much resolved, only two wrinkles remain to confront.

First, the plaintiffs suggest that a "renewal" of credit qualifies as a new and independent violation of ECOA, so that even if one ECOA violation occurred

back in 2007 when they signed the original agreements, later ECOA violations could have occurred with the subsequent "renewal" of those agreements. By way of support, the plaintiffs point to a Federal Reserve Board regulation suggesting this view of the statute. 12 C.F.R. § 202.2, supp. I, ¶ 7(d)(5) cmt. 3; *see also Stern v. Espirito Santo Bank of Fla.*, 791 F. Supp. 865, 869 (S.D. Fla. 1992).

But here again the plaintiffs' legal argument fails to help them given the facts they plead. For even assuming (without deciding) that ECOA's limitations period is indeed triggered anew with each "renewal," the plaintiffs do not plausibly allege facts showing that a "renewal" ever occurred in this case. True, the plaintiffs do conclusorily contend that a renewal happened here. But, as ordinarily understood, a "renewal" suggests "[t]he re-creation of a legal relationship or the replacement of an old contract with a new contract, as opposed to the mere extension of a previous relationship or contract." *Renewal*, Black's Law Dictionary (10th ed. 2014). And the pleadings before us contain no well-pleaded facts suggesting anything like this. Indeed, the parties' contract, referenced by both sides in connection with their submissions to the district court and our own, nowhere indicates that it would or did expire during the relevant period. Or that the parties would or did ever re-create their legal relationship. Or that they would or did sign a new contract. Neither do the plaintiffs attempt to argue for some different and special meaning of the term "renewal" in the context of ECOA. In this light, the only plausible inference from the facts before us is,

just as the district court held, that there was one ongoing agreement in this case and no "renewal."

That leaves the plaintiffs' final line of reply. Here they suggest that the defendants may not assert a statute of limitations defense in response to their request for a declaration that their agreement was void from its inception because it violated ECOA. By way of support, the plaintiffs cite cases suggesting that at least some courts in some states in some particular situations will not, as a matter of state contract law, permit an otherwise valid limitations defense to defeat a plaintiff's claim seeking to have the parties' contract declared void from inception. *See, e.g.*, *Pacchiana v. Pacchiana*, 94 A.D.2d 721, 721-22 (N.Y. App. Div. 1983) (prenuptial agreement); *Riverside Syndicate, Inc. v. Munroe*, 882 N.E.2d 875, 878 (N.Y. 2008) (landlord-tenant agreement).

This argument is not sufficiently developed, however, to permit an intelligent assessment of its application in this case. The plaintiffs do not explain how their theory might be squared with the plain language of ECOA which, immediately after authorizing actions for declaratory relief under 15 U.S.C. § 1691e(c), proceeds to explain pretty unequivocally that "*[a]ny* action under this section" must be brought within five years of an ECOA violation. 15 U.S.C. § 1691e(f) (emphasis added). Neither do the plaintiffs attempt to show that the ECOA's declaratory remedies include the power to declare contracts void from inception, despite at least some authority seeming to suggest the opposite view.

*See, e.g.*, *F.D.I.C. v. 32 Edwardsville, Inc.*, 873 F. Supp. 1474, 1480 (D. Kan. 1995) (finding that "[t]he ECOA does not provide for the invalidation of a guaranty as a remedy for an ECOA violation"). Finally, the state contract law cases the plaintiffs cite do not appear to come close to establishing that courts in commercial cases like ours normally reject limitations defenses to claims seeking to have a contract held void from inception. *See, e.g.*, *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1032, 1042-43 (2d Cir. 1992); *Diamond v. Union Bank & Trust*, 776 F. Supp. 542, 543 (N.D. Okla. 1991) (finding the statute of limitations barred a declaratory judgment claim that a contract was void because of an ECOA violation).

Maybe good responses exist to all these observations. Maybe, for example, an argument can be made that ECOA's statutory limitations period doesn't apply to *some* ECOA actions despite the statutory language suggesting it applies to *any* ECOA action. Maybe, too, a good argument can be made that the remedial powers ECOA affords courts include the power to void contracts or at least portions of them. But questions like these just are not sufficiently explored by the parties in this case to permit us to pass upon them intelligently, so we deem

the matter waived and leave its resolution for another day.  *See Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004).

The motion for leave to file a sur-reply is denied and the judgment is affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge