IN THE SUPREME COURT OF NORTH CAROLINA

No. 427PA13

FILED 20 AUGUST 2014

RL REGI NORTH CAROLINA, LLC

v.

LIGHTHOUSE COVE, LLC; LIGHTHOUSE COVE DEVELOPMENT CORP., INC.; GLEN C. STYGAR; JOHN R. LANCASTER; LETICIA S. LANCASTER; LIONEL L. YOW; and CONNIE S. YOW

On discretionary review pursuant to N.C.G.S. § 7A-31 and on writ of certiorari pursuant to N.C.G.S. § 7A-32(b) of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 748 S.E.2d 723 (2013), affirming a judgment entered on 1 June 2012 by Judge Jay D. Hockenbury in Superior Court, New Hanover County. Heard in the Supreme Court on 5 May 2014.

> *Nelson Mullins Riley & Scarborough, LLP, by Christopher J. Blake and Joseph S. Dowdy, for plaintiff-appellant.*

> *Stubbs & Perdue, P.A., by Matthew W. Buckmiller, for defendant-appellee Connie S. Yow.*

> *Ward and Smith, P.A., by Jason T. Strickland and Matthew A. Cordell, for North Carolina Bankers Association, Inc., amicus curiae.*

NEWBY, Justice.

In this case we consider the effect of a waiver on claims arising from a guarantor-lender relationship, including claims under the federal Equal Credit Opportunity Act ("ECOA"). In exchange for a lender's willingness to restructure loans after default, a guarantor may waive prospective claims against the lender.

Because we hold that defendant waived any potential claims, including those under the ECOA, we reverse the decision of the Court of Appeals.

In 2006 Regions Bank provided $4,208,000 in financing for the acquisition and partial development of approximately fifty-seven acres of land in Brunswick County to Lighthouse Cove, LLC and Lighthouse Cove Development Corp., Inc. ("the LC Entities"). The loan was secured by the real estate and guaranteed by the individual business partners and their spouses, including Lionel L. Yow and his wife, defendant Connie S. Yow. By 2009 the LC Entities had defaulted on the obligations. As part of a restructuring agreement, on 7 December 2009, defendant executed a forbearance agreement that:

> recognize[d] and agree[d] that each Borrower [wa]s in default of its obligations under its respective Loan Documents as a result of the Payment Defaults and that the Lender has the present and immediate right to payment in full of all of the Obligations and the right to exercise any or all of its respective remedies contained in the Loan Documents.

According to the parties' arrangement, Regions Bank "agree[d] to not exercise any of the Collection Remedies under the Loan Documents" and to forego payments on the principal debt during the agreed upon forbearance period. In exchange, defendant waived "any and all claims, defenses and causes of action."

> <u>Waiver of Claims</u>. Each Obligor acknowledges that the Lender has acted in good faith and has conducted itself in a commercially reasonable manner in its relationships with each of the Obligors in connection with this Agreement and in connection with the Obligations, the

> [Letter of Credit] Obligations and the Loan Documents, each of the Obligors hereby waiving and releasing any claims to the contrary. Each Obligor . . . releases and discharges the Lender . . . from any and all claims, defenses and causes of action, whether known or unknown and whether now existing or hereafter arising, including without limitation, any usury claims, that have at any time been owned, or that are hereafter owned, in tort or in contract by any Obligor or any affiliate of an Obligor and that arise out of any one or more circumstances or events that occurred prior to the date of this Agreement.

Defendant further acknowledged that she freely and voluntarily entered into the agreement "after an adequate opportunity and sufficient period of time to review, analyze, and discuss . . . all terms and conditions of this Agreement." Eventually, the LC Entities defaulted on their obligations under the forbearance agreement.

In September 2010, plaintiff RL REGI North Carolina, LLC purchased Regions Bank's interest in the LC Entities' loans. Three months later, plaintiff filed an action seeking recovery of the indebtedness from the business partners and their spouses. Defendant asserted as an affirmative defense that plaintiff's predecessor in interest obtained her guaranty of the loans in violation of the ECOA, which, *inter alia*, prohibits discrimination in credit transactions based on marital status. On 22 March 2012, the trial court entered an order granting summary judgment in favor of plaintiff on all claims, counterclaims, and affirmative defenses, except those with regard to defendant. The trial court concluded that a genuine issue of material fact

existed as to whether plaintiff's predecessor in interest violated the ECOA in obtaining her guaranty.

Following a jury trial, the trial court entered judgment for defendant, concluding that Regions Bank had procured her guaranty in violation of the ECOA and that this violation constituted an affirmative defense. Plaintiff appealed from both the denial of its motion for summary judgment and the post-trial judgment that concluded plaintiff violated the ECOA which voided the guaranty agreement signed by defendant.

On appeal the Court of Appeals unanimously affirmed the trial court. *RL REGI N.C., LLC v. Lighthouse Cove, LLC*, ___ N.C. App. ___, 748 S.E.2d 723 (2013). The Court of Appeals held, *inter alia*, that defendant's execution of the forbearance agreement "waiv[ing] all defenses" could not waive the defense that the guaranty was acquired in violation of the ECOA. *Id.* at ___, 748 S.E.2d at 730. Plaintiff sought discretionary review in this Court, which we allowed, *inter alia*, to decide whether defendant retained any claims under the ECOA when she executed a forbearance agreement that broadly waived potential defenses. *RL REGI N.C., LLC v. Lighthouse Cove, LLC*, ___ N.C. ___, 753 S.E.2d 667 (2014).

The ECOA prohibits lending institutions from discriminating against applicants in credit transactions "on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1) (2012). To enforce the prohibition against discrimination based on marital status, federal law authorizes

the Board of Governors of the Federal Reserve system to prescribe rules lending institutions must follow in procuring spousal guarantees. *Id.* § 1691b(a)(1); *see* Equal Credit Opportunity Act (Regulation B), 12 C.F.R. Pt. 202 (2014), Supp. I to Pt. 202—Official Staff Interpretations, para. 7(d)(6), cmt. 2; FDIC, Financial Institution Letter NO. FIL- 6-04, Guidance on Regulation B Spousal Signature Requirements, 2004 WL 61154, at *5 (Jan. 13, 2004). While a creditor may not automatically require that a spouse be a party to a loan, it can do so if it first finds the applicant is not independently creditworthy. FDIC, Financial Institution Letter NO. FIL- 6-04, 2004 WL 61154, at *5.

Some courts have held that, when a lender circumvents the ECOA requirements, a guarantor may assert the lender's violation as an affirmative defense and avoid the contract. *Bank of the West v. Kline*, 782 N.W.2d 453, 461 (Iowa 2010); *see also Integra Bank/Pittsburgh v. Freeman*, 839 F. Supp. 326, 329 (E.D. Pa. 1993); *Still v. Cunningham*, 94 P.3d 1104, 1114 (Alaska 2004); *Eure v. Jefferson Nat'l Bank*, 248 Va. 245, 252, 448 S.E.2d 417, 421 (1994). Other courts have held a violation is not a defense to collection of the debt. *See FDIC v. 32 Edwardsville, Inc.*, 873 F. Supp. 1474, 1480 (D. Kan. 1995); *Riggs Nat'l Bank of Washington, D.C. v. Linch*, 829 F. Supp. 163, 169 (E.D. Va. 1993), *aff'd,* 36 F.3d 370 (4th Cir. 1994); *CMF Va. Land, L.P. v. Brinson*, 806 F. Supp. 90, 95 (E.D. Va. 1992); *Diamond v. Union Bank & Trust of Bartlesville*, 776 F. Supp. 542, 544 (N.D. Okla. 1991).

It is unnecessary, however, for us to determine in this case whether a violation of the ECOA occurred and, if so, whether such a violation creates an affirmative defense to the recovery of the indebtedness. Regardless of whether plaintiff violated the ECOA, defendant waived any possible claims under that statute.

The waiver here is part of the contractual forbearance agreement. Applying contract principles, we determine the intent of the parties by the plain meaning of the written terms. *E.g.*, *Powers v. Travelers Ins. Co.*, 186 N.C. 336, 338, 119 S.E. 481, 482 (1923). "We must decide the case, therefore, . . . by what is written in the contract actually made by them." *Id.* (citation and quotation marks omitted). Parties are free to waive various rights, including those arising under statutes. *See Clement v. Clement*, 230 N.C. 636, 640, 55 S.E.2d 459, 461 (1949); *Cameron v. McDonald*, 216 N.C. 712, 715, 6 S.E.2d 497, 499 (1940); *In re West*, 212 N.C. 189, 192, 193 S.E. 134, 136 (1937); *see also Ballard v. Bank of Am.*, 734 F.3d 308, 313 (4th Cir. 2013). In contracts parties understand that "liability to the burden is a necessary incident to the right to the benefit." *Norfleet v. Cromwell*, 70 N.C. 510, 516, 70 N.C. 633, 641 (1874) (citations omitted).

In executing the forbearance agreement, defendant acknowledged the enforceability of her guaranty and waived a wide array of potential claims. The agreement expressly releases the lender from "any and all claims, defenses and causes of action." The comprehensive language contained in the agreement, *inter*

*alia*, "waive[s] and release[s] any claims" that may challenge the lender's "good faith" or "commercially reasonable" conduct. Defendant argues that the waiver's phrase "in tort or in contract" limits the otherwise broad language in the agreement from covering statutory claims. This argument overlooks the preceding phrase "including without limitation" and the overall expansive language of the waiver. Given the wide-ranging nature of the statement "waiving and releasing any claims," we do not agree that the release should be interpreted to exclude statutory claims.

Defendant argued, and the Court of Appeals agreed, that the waiver was unenforceable because the original loan relationship violated public policy. The cases cited for this view, however, hold that a contract which on its face involves illegal conduct will not be enforced. *See Cansler v. Penland*, 125 N.C. 408, 409, 125 N.C. 578, 579, 34 S.E. 683, 684 (1899) (holding a contract in which a sheriff authorized another to exercise certain duties of the sheriff was inherently illegal and unenforceable); *cf. Martin v. Underhill*, 265 N.C. 669, 673-74, 144 S.E.2d 872, 875-76 (1965) (finding a contract to bid on property for another at a public auction was not illegal in its essence and was thus enforceable). There is nothing facially illegal about this loan relationship in which a lender provided a loan upon certain conditions; moreover, parties routinely forego claims in settlement agreements. Here a waiver of potential defenses to the guaranty, including a potential defense for a violation of the ECOA, was a part of defendant's decision to accept the benefits of the forbearance agreement.

-7-

In a recent decision on similar facts, the United States Court of Appeals for the Fourth Circuit enforced a waiver of potential claims under the ECOA. *Ballard*, 734 F.3d at 314. That court analogized a settlement of claims under the ECOA to one under the Equal Employment Opportunity Act. *Id.*; *see, e.g.*, *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 52, 94 S. Ct. 1011, 1021, 39 L. Ed. 2d 147, 160 (1974) ("[P]resumably an employee may waive his cause of action under [the Equal Employment Opportunity Act] as part of a voluntary settlement."). In either scenario, a waiver does not operate as a precondition to the original contract for credit or employment; instead, it acts as a "negotiated benefit" or compromise of the original contract terms. *Ballard*, 734 F.3d at 314. Defendant's waiver here was not a precondition for the LC Entities to receive the original loan, but rather it was a negotiated settlement.

In executing the forbearance agreement, defendant acknowledged the enforceability of her guaranty and waived her potential claims, including those under the ECOA, in exchange for leniency in repaying the debt. The trial court improperly allowed defendant to assert a claim she waived, thus depriving plaintiff of its rights under the forbearance agreement. The Court of Appeals erroneously affirmed the trial court's judgment. Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court for consideration of defendant's remaining issues on appeal.

REVERSED AND REMANDED.