BARNES, J.,
DISSENTING:
¶ 43. In its original complaint, 110 South Street demanded a judgment against Atrium “for all damages, all sums due and all attomey[’s\ fees incurred[.]” (Emphasis added). When Atrium signed the October 3, 2014 forbearance agreement, in which it agreed that it had “no defenses to the action filed against it,” Atrium waived any defense to a claim for attorney’s fees. “Parties are free to waive various rights .... In contracts[,] parties understand that liability to the burden is a necessary incident to the right to the benefit.” RL Regi N.C. LLC v. Lighthouse Cove LLC, 367 N.C. 425, 762 S.E.2d 188, 190 (2014); see also Knight Props. v. State Bank & Tr. Co., 11 So.3d 491, 496-97 (¶¶ 27-28) (Miss. Ct. App. 2011) (finding contractual language enforceable to waive certain defenses). As 110 South Street asserts, Atrium received the benefit of the forbearance period in exchange for waiving “its defenses to liability for damages and attorney[’s] fees incurred by 110 South Street.” Ac *805 cordingly, I dissent from the majority’s decision to affirm the chancery court’s judgment.
¶ 44. Before the chancery court, Atrium argued that Ray Mallard, who had signed the forbearance agreement on Atrium’s behalf, was not “duly authorized by the LLC to execute the agreement,”[7] and Atrium’s owner, Deetra Eiland, stated that she never agreed to pay 110 South Street’s attorney’s fees. Counsel for Atrium further contended there was no separate written agreement for attorney’s fees. However, Atrium subsequently attached a copy of the signed forbearance agreement to its motion for reconsideration, acknowledging that the parties had “entered into an agreement that [Atrium] could occupy the premises until 5:00 a.m. on October 4, 2014 and not after[.]”
¶45. Finding that Atrium’s agreement not to defend the claims raised in the complaint waived its defense as to liability for attorney’s fees, I would reverse and remand for a determination of the appropriate attorney’s fees.

. However, Deetra Eiland, the club's owner, testified that Mallard was her business associate.