**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-1214**

———————

BRANDON CARTER; ERICA CARTER,

       Plaintiffs – Appellants,

     v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CWABS, INC. ASSET-BACKED CERTIFICATES TRUST 2005-14; THE BANK OF NEW YORK TRUST COMPANY, N.A., solely in its capacity as Trustee for the CWABS, Inc. Asset-Backed Certificates Trust 2005-14,

       Defendants – Appellees,

     and

CWABS, INC.,

       Defendant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:14-cv-00395-H)

———————

Submitted: February 17, 2017    Decided: February 23, 2017

———————

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Benjamin D. Busch, THE LAW OFFICE OF BENJAMIN D. BUSCH, PLLC, Durham, North Carolina, for Appellants. Nathan J. Taylor, Wm.

Grayson Lambert, MCGUIREWOODS LLP, Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon and Erica Carter (collectively, "the Carters") appeal the district court's order granting the motion to dismiss filed by CWABS, Inc. Asset Certificates Trust, Series 2005-14 (the "Trust").[1]  On appeal, the Carters argue that the district court erred by: (1) considering the issue of ratification, which the Carters assert the Trust did not sufficiently raise; (2) determining that a claim for fraud was time-barred; (3) dismissing their claim to quiet title and for declaratory judgment; and (4) determining that a claim for recoupment may not be brought affirmatively.  We affirm.

"We review de novo the grant of a motion to dismiss . . . [and] accept as true the well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Harbourt v. PPE Casino Resorts Md., LLC, 820 F.3d 655, 658 (4th Cir. 2016).  "A plaintiff must allege sufficient facts to establish the elements of his claim and advance that claim across the line from conceivable to plausible."  Id. (alterations and internal quotation marks omitted).

---

[1] Although there were three other defendants involved in the action below, the Carters have abandoned claims against all Defendants with the exception of the Trust.

Three of the Carters' arguments need not detain us long. With regard to ratification,[2] we conclude that the Trust sufficiently raised that affirmative defense in its motion to dismiss, see LSREF2 Baron, L.L.C. v. Tauch, 751 F.3d 394, 398 (5th Cir. 2014) (discussing level of specificity required), and, therefore, that the district court did not err in considering it, see Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (providing circumstances under which defense may be raised in motion to dismiss). We also conclude that the district court correctly determined that plaintiffs may not bring affirmative actions for recoupment. See Bull v. United States, 295 U.S. 247, 262 (1935) ("[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded."); RL REGI N.C., LLC v. Lighthouse Cove, LLC, 748 S.E.2d 723, 728 (N.C. Ct. App. 2013) (noting defensive nature of recoupment), rev'd on other grounds, 762 S.E.2d 188 (N.C. 2014). To the extent that the Carters raise on appeal a claim for recoupment in conjunction with a declaratory action, they did not present that claim below but instead attempted to allege a stand-alone cause of action for

---

[2] Ratification occurs when an individual affirms a prior act to which he or she would not have been otherwise bound, with full knowledge of all material facts. Leiber v. Arboretum Joint Venture, LLC, 702 S.E.2d 805, 812 (N.C. Ct. App. 2010).

recoupment. Nor did they present to the district court the new argument in support of their quiet title claim. Thus, those claims are not properly before us. <u>Pornomo v. United States</u>, 814 F.3d 681, 686 (4th Cir. 2016) (providing standard).

Finally, we conclude that the Carters failed to adequately plead a cause of action for fraud.[3] Under North Carolina law,[4] a party alleging fraud must establish five elements: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party."[5] <u>Forbis</u>, 649 S.E.2d at 387 (internal quotation marks omitted).

The complaint failed to allege that either of the Carters was actually deceived by the purportedly fraudulent deed of

---

[3] Although the district court found that the statute of limitations barred the Carters' fraud claim, "we may affirm a judgment for any reason appearing on the record." <u>Weidman v. Exxon Mobil Corp.</u>, 776 F.3d 214, 220 (4th Cir. 2015) (alteration and internal quotation marks omitted).

[4] It is undisputed that North Carolina law applies.

[5] Although the Carters argue on appeal that they need only establish the elements for a claim of forgery, <u>see</u> <u>State v. Welch</u>, 145 S.E.2d 902, 905 (N.C. 1966) (setting forth thee elements for forgery claim), where plaintiffs advance a claim of fraud by forgery, as the Carters did here, they must satisfy the five elements required to establish a claim of fraud. <u>See</u> <u>Forbis v. Neal</u>, 649 S.E.2d 382, 387-88 (N.C. 2007); <u>Henson v. Green Tree Servicing LLC</u>, 676 S.E.2d 615, 619 (N.C. Ct. App. 2009); <u>Piles v. Allstate Ins. Co.</u>, 653 S.E.2d 181, 186 (N.C. Ct. App. 2007).

5

trust executed in their names. To the contrary, the Carters knew that they did not sign the mortgage note or deed of trust, and they admitted that they paid the mortgage and lived in the home. Moreover, there is no plausible allegation that the alleged fraud harmed the Carters. Although they argue that harm resulted from the difference in value between the fixed-rate note for which they applied and the adjustable-rate note they received, the Carters have not alleged that they actually would have received a fixed-rate mortgage. Furthermore, the mortgage note clearly expressed that the mortgage contained an adjustable interest rate, and the Carters were under an obligation to read the terms of the contract, Raper v. Oliver House, LLC, 637 S.E.2d 551, 555 (N.C. Ct. App. 2006), and had a clear opportunity to rescind the mortgage for any reason, see 15 U.S.C. § 1635 (2012) (providing time during which rescission must occur). Thus, the district court did not err in denying relief on the fraud claim.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6