IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA20-36

 Filed: 15 September 2020

Bladen County, No. 19 CVS 331

WANDA CAMPBELL MCLEAN, as the Administrator of the Estate of JOSEPHINE
SMITH, Plaintiff,

 v.

KATIE SPAULDING, Defendant.

 Appeal by plaintiff from order entered 1 October 2019 by Judge Mary Ann

Talley in Bladen County Superior Court. Heard in the Court of Appeals 26 August

2020.

 Coy E. Brewer, Jr. for plaintiff-appellant.

 Hutchens Law Firm LLP, by Natasha M. Barone, J. Scott Flowers, Damón
 Gray II, for defendant-appellee.

 TYSON, Judge.

 Wanda Campbell McLean, as Administrator of the Estate of Josephine Smith

(“Plaintiff”), appeals from an order entered on 1 October 2019 granting Katie

Spaulding’s (“Defendant”) motion to dismiss. The trial court’s order is affirmed.

 I. Background

 On 18 March 2013, Josephine Smith (“Smith”) and Defendant opened the

investment account number 446-13688-1-3 (the “Account”), as joint owners, with

Edward D. Jones & Co., Limited Partnership d/b/a Edward Jones (“Edward Jones”).
 MCLEAN V. SPAULDING

 Opinion of the Court

Smith and Defendant executed an Edward Jones’ form entitled Account

Authorization and Agreement Form (“Account Form”), which contained the following

language under the “Joint Accounts Only” section:

 Joint owners must select one form of ownership. If you have
 questions regarding which form of ownership is
 appropriate for you, please contact your attorney. Edward
 Jones will not, nor is any employee authorized to, advise
 you with this choice.

 Underneath the above language, the following seven choices were available:

 1) Joint Tenancy WROS (Not available in LA)
 2) Tenants in Common
 3) Tenants by the Entireties
 4) Community Property (Community Property States only)
 5) Community Property WROS (CA, NV & AZ only)
 6) Survivorship Martial Property (WI only)
 7) Marital Property (WI only)

 Smith and Defendant selected the first choice that the account would be held

as “Joint Tenancy WROS.” Section II of the Account Agreement specified the

investment account “is for broker-dealer services in a non-discretionary account.”

 Smith died on 13 September 2018. At the time of Smith’s death, the

investment account had a value of $267,486.24. Plaintiff initially filed a complaint

against Defendant and Edward Jones on 23 October 2018, in Bladen County. This

complaint sought a declaratory judgment declaring the account is a single person

account owned by Smith’s estate. Edward Jones filed a motion to dismiss on 29

November 2018. The trial court entered an order dismissing the complaint against

 -2-
 MCLEAN V. SPAULDING

 Opinion of the Court

Edward Jones. Plaintiff then voluntarily dismissed the complaint against Defendant

on 28 May 2019.

 Plaintiff initiated this action by filing a second complaint in Bladen County.

The second complaint asserted claims only against Defendant, not Edward Jones.

Plaintiff alleged “the statutory requirements of N.C. Gen. Stat. § 41-2.1(a) requiring

Right of Survivorship must be expressly provided for in the agreement, was not

completed with any of the Edward Jones documents.” As with the original complaint,

Plaintiff sought a declaratory judgment establishing the Account “is a single person

account owned by the Plaintiff Estate of Josephine Smith.”

 On 18 July 2019, Defendant filed motions to dismiss pursuant to N.C. R. Civ.

P. 12(b)(1), 12(b)(6), and 12(b)(7), answer, and affirmative defenses in response to the

second complaint. Defendant’s motions to dismiss were heard by the trial court on

14 August 2019.

 On 1 October 2019, the trial court entered an order dismissing the second

complaint because the “[c]omplaint fails to state a claim upon which relief can be

granted and to present a justiciable controversy because Plaintiff’s claims against

Defendant are barred by the statute of limitations.” Plaintiff appeals.

 II. Jurisdiction

 Plaintiff appeals the trial court’s order as of right pursuant to N.C. Gen. Stat.

§ 7A-27(b)(1) (2019).

 -3-
 MCLEAN V. SPAULDING

 Opinion of the Court

 III. Issues

 Plaintiff argues the trial court erred when it granted Defendant’s Rule 12(b)(6)

motion. She asserts her second complaint filed on 29 May 2019 states a claim upon

which relief may be granted and the statute of limitations has not yet expired.

 IV. 12(b)(6) Motion to Dismiss

 A. Standard of Review

 “On appeal from a motion to dismiss under Rule 12(b)(6), this Court reviews

de novo ‘whether, as a matter of law, the allegations of the complaint . . . are sufficient

to state a claim upon which relief may be granted.’” Christmas v. Cabarrus Cty., 192

N.C. App. 227, 231, 664 S.E.2d 649, 652 (2008) (quoting Harris v. NCNB, 85 N.C.

App. 669, 670, 355 S.E.2d 838, 840 (1987)), disc. review denied, 363 N.C. 372, 678

S.E.2d 234 (2009). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), “the

well-pleaded material allegations of the complaint are taken as true; but conclusions

of law or unwarranted deductions of facts are not admitted.” Azure Dolphin, LLC. v.

Barton, 371 N.C. 579, 599, 821 S.E.2d 711, 725 (2018) (citation omitted).

 This Court has held: “A statute of limitations defense is properly asserted in a

motion to dismiss under Rule 12(b)(6), and is proper grounds for the trial court to find

a complaint is without merit.”Kaleel Builders, Inc. v. Ashby, 161 N.C. App. 34, 38,

587 S.E.2d 470, 473 (2003) (quotation marks and citation omitted), disc. review

denied, 358 N.C. 235, 595 S.E.2d 152 (2004).

 -4-
 MCLEAN V. SPAULDING

 Opinion of the Court

 B. Declaratory Judgment Act

 “The purpose of the Declaratory Judgment Act is to settle and afford relief from

uncertainty concerning rights, status and other legal relations, and although the Act

is to be liberally construed, its provisions are not without limitation.” Consumers

Power v. Power Co., 285 N.C. 434, 446, 206 S.E.2d 178, 186 (1974). Courts possess

jurisdiction to render declaratory judgments when the pleadings disclose the

existence of an actual controversy between the parties having adverse interest in the

matter in dispute. Gaston Bd. Of Realtors, Inc. v. Harrison, 311 N.C. 230, 234, 316

S.E.2d 59, 61 (1984). When asserting a claim for declaratory judgment, the claimant

“must set forth in his pleading all facts necessary to disclose the existence of an actual

controversy between the parties . . . with regard to their respective rights and duties

in the premises.” Lide v. Mears, 231 N.C. 111, 118, 56 S.E.2d 404, 409 (1949).

 Plaintiff’s request for declaratory judgment is supported by two

allegations/claims for relief: (1) the Account Form failed to comply with applicable

statutory law, N.C. Gen. Stat. § 41-2.1(a), in order to establish a right of survivorship;

and, (2) the right of survivorship was acquired by fraud. Although the second

complaint contained one sentence alleging that the documents creating the Account

were forged, Plaintiff failed to specifically allege the elements of fraud, include any

argument, or to even mention any forgery in Plaintiff’s principal brief or reply brief.

Plaintiff has waived her right to challenge the court’s dismissal of her forgery claim.

 -5-
 MCLEAN V. SPAULDING

 Opinion of the Court

N.C. R. App. P. 28(a) (“Issues not presented and discussed in a party’s brief are

deemed abandoned.”).

 C. N.C. Gen. Stat. § 41.2.1

 Plaintiff argues the Account Form failed to create a joint account with right of

survivorship under N.C. Gen. Stat. § 41.2.1(1). Although Plaintiff references several

other statutes in her brief, these additional statutes, N.C. Gen Stat. §§ 53C-6-6(f),

54B-129, 54-109.58, 53C-6-7 and 54C-165 (2019), were not argued before the trial

court and were not referenced in the second complaint.

 Plaintiff alleges the statutory requirement of N.C. Gen. Stat. § 41-2.1(a)

requiring the right of survivorship must be expressly provided for in the agreement

was not complied with by any of the documents that created the Account. Our review

of the requirements and definitions set forth in N.C. Gen. Stat. § 41-2.1 reveals this

statute is not applicable to the Account at issue.

 N.C. Gen. Stat. § 41-2.1(a) provides:

 A deposit account may be established with a banking
 institution in the names of two or more persons, payable to
 either or the survivor or survivors . . . when both or all
 parties have signed a written agreement . . . expressly
 providing for the right of survivorship.

N.C. Gen. Stat. § 41-2.1(a) (2019).

 While N.C. Gen. Stat. § 41-2.1(e)(2) defines a “deposit account” as:

 Both time and demand deposits in commercial banks and
 industrial banks, installment shares, optional shares and

 -6-
 MCLEAN V. SPAULDING

 Opinion of the Court

 fully paid share certificates in building and loan
 associations and savings and loan associations, and
 deposits and shares in credit unions.

N.C. Gen. Stat. § 41-2.1(e)(2) (2019).

 N.C. Gen. Stat. § 41-2.1(e)(1) defines “banking institution” as “commercial

banks, industrial banks, building and loan associations, and credit unions.” N.C. Gen.

Stat. § 41-2.1(e)(1) (2019).

 D. Broker-Dealer

 Edwards Jones is a registered broker-dealer and investment advisor.

Plaintiff’s original complaint acknowledged “Edward Jones is dually registered with

the SEC as a broker-dealer and an investment advisor.” Edward Jones is not a

“commercial bank, industrial bank, building and loan association, savings and loan

association, or a credit union.”

 Since Edward Jones’ activities or services are neither within the definition of

“banking institution,” nor does the Account at issue fall within the definition of

“deposit account” under N.C. Gen. Stat. § 41-2.1, those statutory requirements are

not applicable either to Edward Jones or to the Account. In the first action, the trial

court dismissed Plaintiff’s complaint because Edward Jones is not a banking

institution as is defined by the statute, but instead is a broker-dealer.

 Plaintiff cites O’Brien v. Reece, 45 N.C. App. 610, 613-15, 263 S.E.2d 817, 819-

20 (1980), wherein this Court examined parties’ signature card for their deposit

 -7-
 MCLEAN V. SPAULDING

 Opinion of the Court

account with Central Bank & Trust Company to determine whether the language

used therein was sufficient to comply with N.C. Gen. Stat. § 41-2.1 to create a joint

account with a right of survivorship

 O’Brien is not analogous to this case. Those facts deal with “deposit accounts”

and “banking institutions,” whereas this appeal involves an investment account with

a registered broker-dealer and investment advisor. Id. Plaintiff’s claim fails to satisfy

the requirements of N.C. Gen. Stat. § 41-2.1 and fails to state a claim for relief.

 E. N.C. Gen. Stat. § 41-2.2

 This account is governed by N.C. Gen Stat. § 41-2.2 (2019). The General

Assembly enacted N.C. Gen. Stat. § 41-2.2, for joint ownership of securities. A

“security account” is defined as:

 reinvestment account associated with a security, a
 securities account with a broker, a cash balance in a
 brokerage account, cash, interest, earnings, or dividends
 earned or declared on a security in an account, a
 reinvestment account, or a brokerage account, whether or
 not credited to the account before the owner’s death.

N.C. Gen. Stat. § 41-40(10) (2019).

 The Account Form signed by both parties established the account for “broker-

dealer services in a non-discretionary account.” The Account falls within the

definition of a “security account” as set forth in N.C. Gen. Stat. § 41-40(10). Under

N.C. Gen. Stat. § 41-2.2(a), parties can choose to own a security account “as joint

tenants with rights of survivorship, and not as tenants in common.” A broker-dealer

 -8-
 MCLEAN V. SPAULDING

 Opinion of the Court

holds a security account for its owners as joint tenants with right of survivorship only

when:

 by book entry or otherwise indicates (i) that the securities
 are owned with the right of survivorship, or (ii) otherwise
 clearly indicates that upon the death of either party, the
 interest of the decedent shall pass to the surviving party.

N.C. Gen. Stat. § 41-2.2(b)(2) (emphasis supplied). Based upon the plain language of

the statute, no further specific language is required for a joint investment account to

be established or held with right of survivorship.

 F. Construing the Contract

 The Account and the Account Form are contracts between Smith, Defendant,

and Edward Jones. “‘The heart of a contract is the intention of the parties, which is

to be ascertained from the expressions used, the subject matter, the end in view, the

purpose sought, and the situation of the parties at the time.’” Lane v. Scarborough,

284 N.C. 407, 410, 200 S.E.2d 622, 624 (1973) (quoting Electric Co. v. Ins. Co., 229

N.C. 518, 520, 50 S.E.2d 295, 297 (1948)). The court looks to “the plain meaning of

the written terms” in order to “determine the intent of the parties.” RL REGI N.C.,

LLC v. Lighthouse Cove, LLC, 367 N.C. 425, 428, 762 S.E.2d 188, 190 (2014) (citing

Powers v. Travelers Ins. Co., 186 N.C. 336, 338, 119 S.E. 481, 482 (1923)). The

meaning of a contract is “‘gathered from its four corners.’” Ussery v. Branch Banking

& Tr. Co., 368 N.C. 325, 335, 777 S.E.2d 272, 279 (2015) (quoting Carolina Power &

 -9-
 MCLEAN V. SPAULDING

 Opinion of the Court

Light Co. v. Bowman, 229 N.C. 682, 693-94, 51 S.E.2d 191, 199 (1949) (Stacy, C.J.,

dissenting)).

 When interpreting a contract, the court must “construe them as a whole.” Id.,

777 S.E.2d at 279 (citation omitted). “Each clause and word is considered with

reference to each other and is given effect by reasonable construction.” Id. at 336, 777

S.E.2d at 279 (citing Sec. Nat’l Bank v. Educators Mut. Life Ins. Co., 265 N.C. 86, 93,

143 S.E.2d 270, 275 (1965)).

 When the account was established, the parties were required to “select one

form of ownership” with a default position on the Account Form under the “Joint

Accounts Only” section. This section provides the seven options stated above. The

Form Agreement specifies the account will be “deemed to be held jointly as tenants

in common, unless we specify in the opening or registration otherwise.” Both Smith

and Defendant selected the “Joint tenancy WROS” option.

 The Account Form satisfies the requirements of N.C. Gen. Stat. § 41-2.2 by

being a “book entry” or writing which “otherwise” indicates “the securities are [jointly]

owned with the right of survivorship.” N.C. Gen. Stat. § 41-2.2. Smith and Defendant

could have selected the box labeled “Tenants in Common” or not chosen by default.

Instead, both signors specifically selected the box labeled “Joint Tenancy WROS.”

 The abbreviation or acronym “WROS” is commonly used to mean “with the

right of survivorship” in North Carolina. NC Estate Administration Manual §

 - 10 -
 MCLEAN V. SPAULDING

 Opinion of the Court

IX.II.6.C (2014). While the Account Form could have spelled out WROS to be clearer,

the contract is free of any ambiguities. A distinguishing feature of a joint tenancy as

opposed to a tenancy in common is the right of survivorship. See Davis v. Bass, 188

N.C. 200, 203, 124 S.E. 566, 569 (1924) (citation omitted). It is clear from the four

corners of the Account Form that the parties intended and specifically chose to create

the Account as a joint tenancy with right of survivorship.

 In her reply brief, Plaintiff recognizes the Account is actually governed by N.C.

Gen. Stat. § 41-2.2(a), and not by N.C. Gen. Stat. § 41-2.1. Plaintiff pivots her

argument to assert both O’Brien and N.C Gen. Stat. § 41-2.1 articulates a public

policy requiring the creation of a survivorship account should be done clearly and

unambiguously. She posits the provisions of N.C. Gen. Stat. § 41-2.2 and the

language of the Account Form should require a similar level of clarity.

 Under Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure, where

a party fails to assert a claim in its principal brief, it abandons that issue and cannot

revive the issue via reply brief. See Beckles-Palomares v. Logan, 202 N.C. App. 235,

246, 688 S.E.2d 758, 765 (2010) (holding appellant abandoned its statute of

limitations argument “by its failure to advance the issue in its principal brief”).

 In both Plaintiff’s second complaint and principal brief, Plaintiff argues the

account at issue and Account Form fail to comply with N.C. Gen. Stat. § 41-2.1 and

the account should be deemed “a single person account owned by the Plaintiff Estate

 - 11 -
 MCLEAN V. SPAULDING

 Opinion of the Court

of Josephine Smith.” Not until Plaintiff’s reply brief, does she mention N.C. Gen.

Stat. § 41-2.2 for the first-time during litigation.

 Since Plaintiff never asserted her public policy argument under N.C. Gen. Stat.

§ 41-2.2 in either the second complaint or in her principal brief, she has abandoned

the issue and cannot revive the issue via her reply brief. See id.

 More importantly, this public policy argument is properly presented to the

General Assembly, as opposed for the first time in a reply brief to an error correcting

court. Cabarrus Cty. Bd. of Educ. v. Dep’t of State Treasurer, 261 N.C. App. 325, 344,

821 S.E.2d 196, 210 (2018) (holding this Court is not the proper entity to address

public policy considerations). This argument is abandoned and dismissed.

 G. Statute of Limitations

 Plaintiff argues if the Account Form was insufficient to create a joint account

with right of survivorship, then the statute of limitations did not begin to run until

Smith’s death when Edward Jones “for the first time designated the account as a joint

account with Right of Survivorship.” We disagree.

 Plaintiff’s second complaint is a request for declaratory judgment. The statute

of limitations for declaratory relief is based upon the underlying claims. Asheville

Lakeview Props., LLC v. Lake View Park Comm’n, Inc., 254 N.C. App. 348, 353, 803

S.E.2d 6323, 636 (2017) (citation omitted).

 - 12 -
 MCLEAN V. SPAULDING

 Opinion of the Court

 Plaintiff’s underlying claim for declaratory judgement arises out of an

“obligation or liability arising out of a contract.” The claim is governed by N.C. Gen.

Stat. § 1-52(1) (2019). Under N.C. Gen. Stat. § 1-52(1) “a plaintiff must commence

any action based on a contract within three years from the time the cause of action

accrues, absent the existence of circumstances which would toll the running of the

statute of limitations.” Pearce v. N.C. State Highway Patrol Voluntary Pledge Comm.,

310 N.C. 445, 448, 312 S.E.2d 421, 424 (1984).

 The language of the Account Form was sufficient for the parties to create a

joint account with right of survivorship. See N.C. Gen. Stat. § 41-2.2(a). No

allegations in the second complaint, her principal brief, or her reply brief asserts the

statute of limitations was tolled, nor did Plaintiff plead any facts tolling the three-

year statute of limitations.

 The statute of limitations commenced on 13 March 2013, the date on which the

Account with the right of survivorship designation was executed. The three-year

statute of limitations expired on 13 March 2016. Since Plaintiff has not shown why

the statute of limitations should be tolled, her claim for declaratory judgement

elapsed and is barred.

 V. Conclusion

 Plaintiff’s second complaint failed to state a claim upon which relief may be

granted. The statute of limitations has expired on Plaintiff’s underlying contract

 - 13 -
 MCLEAN V. SPAULDING

 Opinion of the Court

claim. The trial court’s dismissal of Plaintiff’s second complaint is affirmed. It is so

ordered.

 AFFIRMED.

 Judges HAMPSON and BROOK concur.

 - 14 -